IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL 11 PM 3:43

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

STEPHANIE D. SANDRIDGE, as )
Administrtrix of the Estate of )
GREGORY D. CROSS, deceased, )
    )
        Plaintiff, )
    )
vs. ) No. 05-MC-026BV
    )
FORD MOTOR COMPANY, )
    )
        Defendant. )

REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS CONSTITUTING
CONTEMPT PURSUANT TO 28 U.S.C. § 636(e)

Before the court is the motion of the defendant, Ford Motor Company, to hold Barbara Lester in civil contempt for failing to appear and testify at a deposition after being served with a valid subpoena requiring her to appear and testify under oath in regards to a civil action pending before the United States District Court for the Northern District of West Virginia, styled, Stephanie D. Sandridge, as Administratrix of the Estate of Gregory D. Cross, Deceased, v. Ford Motor Company, No. 2:04CV18. Ford also seeks an award of attorney fees and expenses it has incurred in connection with this motion. The motion was referred to the United States Magistrate Judge for determination and/or a report and recommendation.

Pursuant to the reference, a show cause order was issued

directing Lester to appear and show cause why she should not be compelled to give a deposition and why she should not be held in contempt of court for failing to comply with a lawful subpoena and appear for a deposition. For the reasons set forth below, it is recommended that a show cause order be issued to Lester to appear before the district court and show cause why she should not be held in contempt of court.[1]

## CERTIFIED FACTS

The following facts are certified to the district court. On March 8, 2004, the plaintiff, Stephanie Sandridge, administratrix of the estate of Gregory Cross, filed a wrongful death complaint against Ford Motor Company in the U.S. District Court for the Northern District of West Virginia. Cross died as a result of injuries sustained in a traffic accident when the Bronco II in which he was a passenger rolled over. The Bronco was driven by Barbara Lester.

As part of the discovery, Ford issued a subpoena from the Western District of Tennessee and served the subpoena on Barbara Lester directing her to appear and be deposed on March 11, 2005, in Memphis, Tennessee, where she resides. The deposition was

---

[1] Because the relief sought by defendant exceeds the magistrate judge's contempt authority, a report and recommendation and a certification of contempt under 28 U.S.C. §636(e)(6)(B)(iii) is issued instead of a determination.

2

continued and reset for March 24, 2005 at the request of Lester. The March 24, 2005 deposition was then continued in order to allow Lester to obtain counsel. Ford issued a new subpoena and rescheduled Lester's deposition for April 25, 2005. Counsel for Lester appeared and advised that Lester would not appear due to medical concerns. On May 20, 2005, counsel for Lester withdrew. On May 26, 2005, Ford, pursuant to Rule 45, issued another subpoena and served it on Lester by hand delivery directing her to appear and be deposed on June 10, 2005, in Memphis, Tennessee. Lester failed to appear for her deposition noticed for June 10, 2005.

On June 10, 2005, Ford filed the present motion for a finding of civil contempt. The motion was supported by the sworn declaration of Alonzo Washington, attorney for Ford, declaring under oath the facts certified herein. Pursuant to the motion, the court issued a show cause order which directed Lester to appear on June 30, 2005, at 10:30 a.m., and show cause why she should not be compelled to give a deposition and why she should not be held in contempt of court for failing to comply with a valid subpoena and to appear for her deposition. Lester failed to appear, failed to serve a written response, failed to notify the court that she would not be present, and failed to seek a continuance or otherwise object. Counsel for Ford appeared and asked that Lester be held in contempt of court for failing to appear for her deposition and for

the show cause hearing.

## ANALYSIS

Rule 45(e) of the Federal Rules of Civil Procedure provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." FED. R. CIV. P. 45(e). The subpoena was issued from the Western District of Tennessee, it was duly served upon Barbara Lester, she failed to obey the subpoena, and failed to demonstrate an adequate excuse for her failure to obey the subpoena. Accordingly, it is recommended that Lester be held in contempt of court and detained until such time as she purges herself of contempt by giving a deposition.

In addition, Section 636(e)(6) of the United States Magistrate Judges Act provides that when a person commits an act in a proceeding before a magistrate judge under 28 U.S.C. § 636(a) or (b), which may constitute civil contempt, the magistrate judge shall:

> certify the facts to a judge of the district court and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. 636(e)(6)(B)(iii). Contempts committed in "a proceeding

4

before a magistrate judge" include not only contempts committed in the magistrate judge's presence, but also contempts related to proceedings before the magistrate judge. *Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 901 n.17 & 902 n.19 (3rd Cir. 1992). In a proceeding before a magistrate judge, disobedience to any lawful order may constitute contempt. 28 U.S.C. 636(e).

Here, Lester's conduct in failing to appear before the court after being ordered to do so by the magistrate judge constitutes disobedience to a lawful order and thus contempt before the magistrate judge.[2] Accordingly, it is submitted that the district court should issue a show cause order to Lester to appear at a date certain before the district court to show cause during a hearing why she should not be held in contempt of court.

## CONCLUSION

It is recommended that Lester be held in contempt of court and detained until such time as she purges herself of contempt by giving a deposition and that the district court should issue a show cause order to Lester to appear at a date certain before the

---

[2] Whether civil contempt or criminal contempt is implicated depends on the purpose of the charge. "If the purpose is coercive or remedial (to secure compliance with the court's order) or compensatory (to make the injured party whole), then 'civil contempt' is implicated. If the purpose is punitive (to vindicate the court's authority), then 'criminal contempt' is implicated." *Nabkey v. Hoffius*, 827 F. Supp. 450, 452 (S.D. Mich. 1993).

district court to show cause during a hearing why she should not be held in contempt of court. Ford is granted its attorney fees and expenses in bringing this petition. Ford is directed to file an affidavit of fees and expenses within eleven days of the date of service of this order.

IT IS SO ORDERED this 11th day of July, 2005.

/s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:05-MC-00026 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

John Randolph Bibb
BAKER DONELSON BEARMAN & CALDWELL
211 Commerce St.
Ste. 1000
Nashville, TN 37201

Michael Bonasso
FLAHERTY SENSABAUGH & BONASSO, P.L.L.C.
P.O. Box 3843
Charleston, WV 25338

Alonzo Washington
FLAHERTY SENSABAUGH & BONASSO, P.L.L.C.
P.O. Box 3843
P.O. Box 3843
Charleston, WV 25338

Stephanie D. Sandridge
900 North Avalon Street
Memphis, TN 38107

Emily Turner Landry
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT